[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #123
The defendant moves for summary judgment with respect to the second count of the complaint. In that count, the plaintiff alleges that she bought a condominium unit from the defendant on October 27, 1995. She further alleges that the defendant, at the time was aware of a water problem in the basement of the unit but failed to disclose that problem to the plaintiff and in an effort to conceal that condition from the plaintiff stored items in the basement.
The defendant denies any knowledge of a water problem, denies that he placed items in the basement to conceal a water problem, and claims that he never had any direct communication with the plaintiff. The defendant has attached an affidavit to his motion attesting to the above claims.
The defendant further submits in support of his motion a report from the plaintiff's inspector which states: "There are signs of previous water infiltration into the basement. There is staining on the walls." The defendant also provides an affidavit from a tenant who resided in the condominium unit prior to its occupancy by the plaintiff, which tenant states that he never experienced a water problem. CT Page 9997
The plaintiff has filed an affidavit in opposition to the defendant's motion in which she states that, beginning on the day after the closing, her basement has flooded during a rainstorm and has flooded with every subsequent rainstorm.
The plaintiff also states in her affidavit that the real estate agent of the defendant told her agent that any evidence of water in the basement was the result of an isolated incident when a washer overflowed. She states in her affidavit that access to the "basement was limited by the presence of boxes and that these boxes were saturated when removed subsequent to the closing. Neither party admits that they know where these boxes came from.
"The standards governing . . . a motion for summary judgment are well established. Practice Book § 384 [now 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . ." (Citations omitted; internal quotation marks omitted.) Rivera v.Double A Transportation, Inc., 248 Conn. 21, 24 (1999). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the non-moving party . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . . The party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id.
In this case, in order to prevail on the second count of the complaint, the plaintiff must prove the following by clear and satisfactory evidence: (1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon the false representation to his injury. Citino v. Redevelopment Agency,51 Conn. App. 262, 275 (1998). The absence of any one of the above elements is fatal to recovery. Id.
The documents filed by the parties satisfy the court that there exists a question of fact as to whether there existed a water problem in the basement of the condominium, and whether the defendant knew of it. A trier of fact is, of course, not limited CT Page 9998 to direct evidence, but may draw reasonable inferences therefrom. Here, the trier would hear evidence that the basement was flooded on the day after its closing and flooded with each rainstorm thereafter. The defendant had owned this unit for a number of years. There would be evidence that boxes mysteriously appeared which limited access to the basement. From that evidence, the trier could infer that the water problem existed prior to the sale and that the defendant was aware of it.
However, in order to prevail, the plaintiff must be able to prove, not only that the defendant was aware of the water problem but that he made a false representation that such a problem did not exist. It is uncontroverted that no such representation was made by the defendant, in fact, the plaintiff and the defendant have never spoken.
However, the plaintiff has provided her affidavit, and that of her agent, which state that upon learning of mildew on the walls, through an inspection, the defendant's agent told the plaintiff's agent that a washing machine had overflowed while a prior tenant occupied the unit. Such statement could be considered by the trier of fact as a disclaimer of a water problem.
While that statement was not made by the defendant directly, it is the general rule that a principal is responsible for damages "resulting from the fraud of his agent committed during the existence of the agency and within the scope of the agent's actual or apparent authority, even though the principal does not know of the fraudulent acts." 37 Am.Jur.2d., Fraud and Deceit, § 311.
Considering the evidence presented in the light most favorable to the plaintiff, a trier of fact could find, through direct or circumstantial evidence: (1) that a water problem had existed in the basement of the condominium prior to its purchase by the defendant; (2) the defendant and his agent knew of such problem; (3) that the agent of the defendant made a statement to the agent of the plaintiff which conveyed the impression that no such problem existed; and (4) that such statement was made with the intent to cause the plaintiff to act upon it, and indeed she did so act to her detriment.
Since a question of fact exists as to the above elements, the plaintiff is entitled to her day in court and the defendant's CT Page 9999 motion for summary judgment is denied.
Thompson, J.